Matter of 186 Norfolk LLC v Euvin (2021 NY Slip Op 01317)





Matter of 186 Norfolk LLC v Euvin


2021 NY Slip Op 01317


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Index No. 570315/18 Appeal No. 13261 Case No. 2019-01400 

[*1]In the Matter of 186 Norfolk LLC, Petitioner-Respondent,
v
Fernando Euvin, Respondent-Appellant.


Jonathan Wallace, Amagansett, for appellant.
Rose & Rose, New York (Phillip L. Wartell of counsel), for respondent.



Order, Appellate Term, First Department (Shulman, P.J., Gonzalez, Edmead, JJ.), entered June 6, 2019, which affirmed a judgment of the Civil Court, New York County (Jean T. Schneider, J.), entered October 18, 2017, after a nonjury trial, granting a judgment of possession to petitioner and denying respondent's counterclaim for succession tenancy rights, unanimously affirmed, without costs.
We affirm under our holding in Third Lenox Terrace Assoc. v Edwards (91 AD3d 532 [1st Dept 2012]) (see Well Done Realty, LLC v Epps, 177 AD3d 427 [1st Dept 2019]). In Third Lenox, we rejected a succession claim despite evidence that the named tenant's sister had lived in the apartment for at least two years before the named tenant actually vacated and the fact that the named tenant continued to pay rent and sign renewal leases after vacating. We reasoned that by paying the rent and signing the renewal leases, the named tenant had not actually severed her connection to the apartment so as to have permanently vacated it, and we found that the sister could not establish her co-occupancy in the relevant two-year period. Here, the tenant vacated the apartment and moved to Florida in the early-1990s. Notwithstanding tenant's vacatur, respondent with the tenant's permission signed her name on renewal leases, money orders for rental payments, and apartment work orders, after tenant had vacated the apartment. In August 2013, tenant sent petitioner a letter stating that she was vacating the apartment where "I have lived with my husband, [respondent], since approximately 1980." Under these facts, respondent has failed to establish his co-occupancy during the relevant period to support his claimed succession rights. In light of this determination, we need not reach the issue of waiver.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021